UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HASHEEM BOUDJERADA; DAMON COCHRAN-SALINAS; ERIN GRADY; TYLER HENDRY; and and KIRTIS RANESBOTTOM,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF EUGENE; SARAH MEDARY; WILLIAM SOLESBEE; SAMUEL STOTTS; BO RANKIN; TRAVIS PALKI; MICHAEL CASEY; RYAN UNDERWOOD; CRAIG WRIGHT; CHARLES SALSBURY; and CHIEF CHRIS SKINNER,<br><br>        Defendants. | Case No. 6:20-cv-01265-MK<br>**OPINION AND ORDER** |

**KASUBHAI,** United States Magistrate Judge:

        Plaintiffs filed this civil rights lawsuit in the wake of the tragic killings of Breonna Taylor and George Floyd in the summer of 2020. *See* Compl., ECF No. 1. The Court granted Plaintiffs'

Page 1 — ORDER

motion to amend their Complaint in January 2022 to allege additional claims against Eugene Police Chief Chris Skinner and Lt. Charles Salsbury. *See* January 7, 2022 Minute Order, ECF No. 77; *see also* Second Am. Compl. ("SAC"), ECF No. 78. The SAC alleges, among other things, that: (1) the City of Eugene violated Plaintiffs' First Amendment rights by imposing curfews beginning May 31, 2020; (2) the City of Eugene's use of force policy violated their First, Fourth, and Fourteenth Amendment rights; and (3) the City of Eugene, City Manager Sarah Medary, and Chief Skinner violated Plaintiffs' free speech and assembly rights by imposing curfews and impermissibly retaliating against them. *Id.* The parties' current discovery dispute raises two issues the Court must resolve: (1) the impact of the newly added Defendants on the scope of discovery; and (2) Plaintiff Tyler Hendry's invocation of his Fifth Amendment during his deposition and his refusal to turn over documents without proper notice as required by Federal Rule of Civil Procedure 34(b)(2)(c). After conducting an *in camera* review of the documents, the Court orders Plaintiff to produce the documents. However, the Court declines to order Plaintiff to answer deposition questions that could provide a link in the chain of evidence needed to prosecute the claimant for a federal crime.

## BACKGROUND

Plaintiff Hendry responded as follows to Defendants' requests for production after Plaintiffs amended their Complaint to add Chief Skinner and Lt. Salsbury:

> **REQUEST FOR PRODUCTION NO. 9:** To the extent not already provided, any and all photographs and video of plaintiff taken from May 29 through June 1, 2020, in their native format.
>
> **RESPONSE:** Plaintiff objects that this request is vague, overbroad, and overburdensome. Plaintiff further objects that this request seeks information which is outside the scope of Fed. R. Civ. Proc. 26(b), because it is neither relevant nor reasonably calculated to lead to information which is relevant to any of plaintiff's claims or any of defendant's defenses, is not proportional

to the needs of the case, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to producing any attorney-client communications or attorney work product.

**REQUEST FOR PRODUCTION NO. 10:** Any records regarding the need of defendant Chief Skinner to obtain curfews, as alleged in paragraph 28 of plaintiffs' Second Amended Complaint. This request includes any photographs or video of gatherings or activities in Eugene on May 29, 2020, through June 1, 2020, which the Eugene Police responded to or were responsible for.

**RESPONSE:** Plaintiff objects that this request is vague, overbroad, and overburdensome. Plaintiff further objects that this request seeks information which is outside the scope of Fed. R. Civ. Proc. 26(b), because it is neither relevant nor reasonably calculated to lead to information which is relevant to any of plaintiff's claims or any of defendant's defenses, is not proportional to the needs of the case, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to producing any attorney-client communications or attorney work product.

**REQUEST FOR PRODUCTION NO. 11:** All electronic messages sent or received by plaintiff between May 29, 2020, and June 1, 2020, concerning any events for which Chief Skinner, Lieutenant Salsbury, or Officer Wright were responding to or responsible for.

**RESPONSE:** Plaintiff objects that this request is vague, overbroad, and overburdensome. Plaintiff further objects that this request seeks information which is outside the scope of Fed. R. Civ. Proc. 26(b), because it is neither relevant nor reasonably calculated to lead to information which is relevant to any of plaintiff's claims or any of defendant's defenses, is not proportional to the needs of the case, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to producing any attorney-client communications or attorney work product.

**REQUEST FOR PRODUCTION NO. 12:** Any documentation supporting or negating plaintiff's claim for emotional distress caused by Chief Skinner, as alleged in paragraph 137 of plaintiffs' Second Amended Complaint. This request includes all electronic

>messages sent or received by plaintiff between May 29, 2020, and June 1, 2020.
>
>**RESPONSE:** Plaintiff objects that this request is vague, overbroad, and overburdensome. Plaintiff further objects that this request seeks information which is outside the scope of Fed. R. Civ. Proc. 26(b), because it is neither relevant nor reasonably calculated to lead to information which is relevant to any of plaintiff's claims or any of defendant's defenses, is not proportional to the needs of the case, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to producing any attorney-client communications or attorney work product.
>
>**REQUEST FOR PRODUCTION NO. 13:** Any documentation supporting or negating plaintiff's claim for the noneconomic damages caused by Lieutenant Salsbury, as alleged in paragraphs 147 and 154 of plaintiffs' Second Amended Complaint. This request includes all electronic messages sent or received by plaintiff between May 29, 2020, and June 1, 2020.
>
>**RESPONSE:** Plaintiff objects that this request is vague, overbroad, and overburdensome. Plaintiff further objects that this request seeks information which is outside the scope of Fed. R. Civ. Proc. 26(b), because it is neither relevant nor reasonably calculated to lead to information which is relevant to any of plaintiff's claims or any of defendant's defenses, is not proportional to the needs of the case, and the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to producing any attorney-client communications or attorney work product.

The material the Court has reviewed *in camera* consists of screen shots of social media posts made by or relating to Plaintiff Hendry, videos made by Plaintiff Hendry, and screen shots of text and social media messages between Plaintiff and other individuals (collectively "the documents").

In May 2022, the parties filed informal letters with the Court outlining their positions on the scope of discovery as a result of the newly added Defendants and the implication of Plaintiff Hendry's invocation of his Fifth Amendment privilege as it relates to the documents and his

deposition testimony. *See* Pl.'s Brief, Ex. A, ECF No. 86-1. The Court held a telephonic discovery hearing in June 2022 and ordered supplemental briefing on whether a protective order could sufficiently safeguard Plaintiff Hendry's Fifth Amendment Privilege.[1] *See* ECF Nos. 86, 87, 88. The Court further ordered Plaintiffs to submit the documents for the Court's review *in camera*, which Plaintiffs did in mid-July.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 26 provides that a party:

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id.*

Rule 34 provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(B). The party receiving the request has thirty days in which to respond. Fed. R. Civ. P. 34(b)(2). A party may move for an order compelling production where the opposing party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3(B)(iv).

---

[1] For the reasons explained in *In re Grand Jury Subpoena Served on Meserve, Mumper & Hughes*, the Court concludes that a protective order cannot sufficiently shield Plaintiff Hendry's Fifth Amendment privilege because such an order would necessarily be overcome by a valid grand jury subpoena. 62 F.3d 1222, 1227 (9th Cir. 1995), *as amended* (Sept. 6, 1995). The Court will therefore analyze the merits of Plaintiffs' Fifth Amendment invocation *infra*.

Page 5 — OPINION AND ORDER

## DISCUSSION

**I.   Newly Added Defendants**

As relevant here, the SAC modified paragraphs 27, 28, 76, 77, 87, 88, 92, 93, 94, 111, 133, 141, and 151 of the original Complaint, to allege use of force, unlawful arrest, and First Amendment claims against Chief Skinner and Lt. Salsbury. The new allegations center on Chief Skinner's decision regarding the scope and need for curfews and decisions regarding the use of force. SAC ¶¶ 28, 88, 92– 94, 141. Plaintiffs also seek both noneconomic and punitive damages against Chief Skinner and Lt. Salsbury. *Id.* ¶¶ 137, 138, 143. In response, Chief Skinner sent discovery requests asking for information about the claims against him and the damages he allegedly caused Plaintiffs. Plaintiffs provided largely identical responses to both the interrogatories and requests for production. Plaintiffs asserted privilege but provided no privilege log. During Plaintiff Hendry's deposition, he testified that he possessed responsive documents that he had given to his attorneys.

To the extent that Plaintiff Hendry objects to withholding the documents, and providing deposition testimony about the events of May 29, 2020, on the basis that the request is overbroad, the Court disagrees and concludes that the documents and testimony are discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."). Nor is the Court persuaded by Plaintiff's argument that

Defendants waived their right to seek such evidence. Accordingly, Plaintiff Hendry's objection to producing materials based on Rule 26(b)(1) is OVERRULED.

## II. Fifth Amendment

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The privilege against self-incrimination "protects a person only against being incriminated by his own compelled testimonial communications." *Doe v. United States*, 487 U.S. 201, 207 (1988) (quoting *Fisher v. United States*, 425 U.S. 391, 409 (1976)). "To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *Hiibel v. Sixth Jud. Dist. Ct. Nevada, Humboldt Cnty.*, 542 U.S. 177, 189 (2004). "The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

The privilege may be asserted in any proceeding, whether civil, criminal, administrative, judicial, investigatory, or adjudicatory, in which the witness believes the information could reasonably be used in a subsequent state or federal criminal proceeding. *United States v. Balsys*, 524 U.S. 666, 672 (1998) (citing *Kastigar v. United States*, 406 U.S. 441, 444–445 (1972)).

However, the privilege only protects the contents of documents created by the privilege holder under some method of compulsion, and not the content of documents voluntarily prepared. Where the preparation of the document "is voluntary, no compulsion is present," and a "subpoena that demands production of documents 'does not compel oral testimony; nor would it ordinarily compel the [responding party] to restate, repeat, or affirm the truth of the contents of the documents sought.'" *United States v. Doe*, 465 U.S. 605, 610 (1984) (quoting *Fisher*, 425

U.S. at 409); *see also Fisher*, 425 U.S. at 410 n.11 ("In the case of a documentary subpoena the only thing compelled is the act of producing the document and the compelled act is the same as the one performed when a chattel or document not authored by the producer is demanded."); *Baltimore City Dep't of Soc. Servs. v. Bouknight*, 493 U.S. 549, 554–55 (1990) ("When the government demands that an item be produced, the only thing compelled is the act of producing the [item].") (citations and quotations omitted) (alteration in original).

Thus, documents sought that were not prepared by the witness claiming the privilege are generally not protected by the Fifth Amendment as they would not require compelled testimony, nor require affirmation of the truth of the contents:

> Therefore, the Fifth Amendment would not be violated by the fact alone that the papers on their face might incriminate the taxpayer, for the privilege protects a person only against being incriminated by his own compelled testimonial communications.

*Fisher*, 425 U.S. at 409 (1976) (internal citations and footnotes omitted).

Here, having reviewed the documents *in camera*, the Court concludes that the documents are neither testimonial nor was their creation compelled. Plaintiff Hendry's invocation of his Fifth Amendment privilege therefore does not shield the documents from production. As such, to the extent that Plaintiff Hendry objects to Defendants' request for production based on the Fifth Amendment, the objection is OVERRULED. The Court further concludes that the documents are not subject to attorney-client privilege and that any objection on that basis lacks merit.[2]

The Court next turns to Plaintiff Hendry's invocation of the Fifth Amendment relating to the events that occurred May 29, 2020, during his depositions and responses to interrogatories.

---

[2] To the extent that Plaintiffs' counsel considers the naming conventions of the individual file folders or files themselves attorney-client work product, the Court will allow counsel to rename them before providing them to Defendants.

"The propriety of invoking the Fifth Amendment privilege depends on whether the risk of prosecution is substantial and real and not merely fanciful." *In re Corrugated Container Antitrust Litig.*, 662 F.2d 875, 883 (D.C. Cir. 1981). An assertion of the privilege does not require an imminent criminal prosecution or investigation. "[T]he right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." *In re Master Key Litigation*, 507 F.2d 292, 293 (9th Cir. 1974). The possibility of prosecution exists where the statute of limitations has not run, or there are no other concrete indications that criminal prosecutions are barred. *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000).

Plaintiff Hendry was charged in Oregon state court with riot and second-degree criminal mischief charges relating to the events of May 29, 2020. The federal analog to Oregon's riot statute—18 U.S.C. 2101(a)—has a five-year statute of limitations. *See* 18 U.S.C. § 3282. Accordingly, Plaintiff Hendry faces a substantial and real risk of prosecution around the events surrounding May 29 because the statue of limitations has not yet run and the United States still retains the discretion to charge Plaintiff Hendry with a federal crime. Moreover, Plaintiff has identified multiple cases in which the United States and Oregon have simultaneously prosecuted individuals for the same conduct as separate sovereigns stemming out of the summer of 2020 protests. *See United States v. Muhammad*, 3:21-cr-00205-HZ-1; *United States v. Raven-Guido*, 3:21-cr-00151-HZ-1; *see also Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1867 (2016) ("[U]nder what is known as the dual-sovereignty doctrine, a single act gives rise to distinct offenses—and thus may subject a person to successive prosecutions—if it violates the laws of separate sovereigns.").

However, a blanket refusal to answer any questions is not appropriate. *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977) (holding that "a blanket refusal to answer any question

is unacceptable") (citation omitted). "Ninth Circuit precedent requiring that the privilege be invoked in response to specific questions, not on a blanket basis, unless the witness can legitimately refuse to answer all relevant questions." *Arredondo v. Ortiz*, 365 F.3d 778, 782 (9th Cir. 2004). In other words, "[t]he only way the [Fifth Amendment] privilege can be asserted is on a question-by-question basis." *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir.1995) (emphasis added).

Based on the deposition excerpts attached to Defendants' letter brief, the Court concludes that Plaintiff Hendry properly invoked his Fifth Amendment privilege. The answers in which he invoked the Fifth Amendment or was instructed by his attorney not to answer could potentially "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Hoffman*, 341 U.S. at 486.

## CONCLUSION

For the reasons above, neither Rule 26(b)(1) nor the Fifth Amendment permit Plaintiff Hendry to withhold the documents the Court has reviewed *in camera*. Accordingly, Plaintiff Hendry must produce the documents within seven days from the entry of this Order. However, the Court concludes that Plaintiff Hendry properly invoked his Fifth Amendment privilege during his depositions and responses to interrogatories. The parties shall submit a joint status report within fourteen days from the entry of this Order with proposed discovery and dispositive motions deadlines.

IT IS SO ORDERED.

DATED this 27th day of October 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
