Ben Miller, OSB #074690
BMiller@eugene-or.gov
Eugene City Attorney's Office
101 W. 10th Avenue, Suite 203
Eugene, OR 97401
Telephone: (541) 682-8447
Facsimile:  (541) 682-5414

Of Attorneys for Defendants City of Eugene,
Sarah Medary, Samuel Stotts, Bo Rankin,
William Solesbee, Travis Palki,
Michael Casey, Craig Wright,
Charles Salsbury, Chief Chris Skinner,
and Ryan Underwood

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HASHEEM BOUDJERADA, DAMON COCHRAN-SALINAS, ERIN GRADY, TYLER HENDRY, and KIRTIS RANESBOTTOM, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF EUGENE, SARAH MEDARY, SAMUEL STOTTS, BO RANKIN, WILLIAM SOLESBEE, TRAVIS PALKI, MICHAEL CASEY, CRAIG WRIGHT, CHARLES SALSBURY, CHIEF CHRIS SKINNER, AND RYAN UNDERWOOD, <br><br> Defendants. | Case No: 6:20-cv-01265-MK <br><br> **DEFENDANTS CITY OF EUGENE, SARAH MEDARY, AND CHIEF CHRIS SKINNER'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** |

## I.      INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), defendants the City of Eugene, City Manager Sarah Medary, and Police Chief Chris Skinner ("defendants") respectfully submit the following Objections to the Findings and Recommendation of the Honorable Magistrate Judge Mustafa Kasubhai, filed on September 8, 2023, in the above-entitled matter.

Defendants respectfully object to the Findings and Recommendation only in regard to the recommendation that the Motion for Summary Judgment of these defendants be denied and that qualified immunity be denied to City Manager Medary and Chief Skinner. That portion of the case concerns the decision by the City Manager and Police Chief to expand a temporary downtown curfew to cover the remainder of the City for several hours, in response to a third day of violence, property destruction, and widespread civil disturbance following the death of George Floyd. The Magistrate Judge erred in not crediting the undisputed facts about the information available to defendants and on which they relied, in misconstruing facts in the record, and by not identifying any cases which clearly establish that a temporary, hours-long expansion of a curfew, in response to events that were occurring *at the time*, was unconstitutional or that defendants engaged in retaliation. Defendants do not object to the granting of the Motion for Summary Judgment of Defendants Stotts, Rankin, Solesbee, Palki, Casey, Wright, Salsbury, and Underwood or for the City on the *Monell* claim.

## II.  LEGAL STANDARD

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the District Court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1), *United States v Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc), *United States v. Bernhardt,* 840 F.2d 1441, 1444 (9th Cir. 1988).

## III.  ARGUMENT

### A.  Claims Against the City

The Magistrate Judge erred in recommending the denial of summary judgment to the City on portions of plaintiffs' First and Second Claims for relief. F&Rs at 6-7, 18 [Doc. 192]. The Magistrate Judge did not account for all of the information City officials had that informed their decisions related to the curfew. Specifically, the Magistrate Judge did not discuss or consider the Chief of Police's and City Manager's justifications, or the evidence available to them at the time. Skinner Decl. ¶¶ 4-5 [Doc. 150]; Nelson Decl. Ex. 1 [Doc. 152]; Nelson Decl. Ex. 2 at pgs. 6-7 [Doc. 153]; Zeedyk Decl. Ex. 1 at pgs. 2-8 [Doc. 157]; Berreth Decl. Ex. 1 [Doc. 155]. In so doing, the Magistrate Judge erred because he failed to fully account for the rationale behind the

PAGE 2 – DEFENDANTS CITY OF EUGENE, SARAH MEDARY, AND CHIEF CHRIS SKINNER'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION

Seven-Hour Curfew, the limitations on police resources, the threats faced by the City at that time, and, therefore, how this matter was factually unique from any prior cases cited by plaintiffs. For the reasons discussed in the City's Motion and Reply, the motions should instead have been granted in full. MSJ at 8-15, 20-24 [Doc. 147]; MSJ Reply at 2-7, 13 [Doc. 184].

    **B.**    **Second Claim for Relief Against the City Manager and Chief of Police**

Plaintiffs' Second Claim for Relief is brought by all plaintiffs against the City of Eugene, City Manager Medary, and Chief Skinner for violation of the First Amendment, alleging that both curfews were overbroad and unconstitutional. Second Amended Complaint ¶¶ 126-133 [Doc. 78]. The Magistrate Judge recommended denying qualified immunity to the City Manager and Police Chief, finding that the law was clearly established. F&Rs at 16-18 [Doc. 192]. The Magistrate Judge erred both factually and legally in his analysis.

First, the Magistrate Judge incorrectly compared the Seven-Hour Curfew to what occurred in *Collins v. Jordan,* 110 F.3d 1363 (9th Cir. 1996). F&Rs at 18 [Doc. 192]. He believed the Seven-Hour Curfew was issued in response to events of prior days. F&Rs at 18 [Doc. 192]. That is incorrect. The Declaration of a State of Emergency was issued in response to events two days prior on May 29, 2020, but the Seven-Hour Curfew was not. [Doc. 149-2]. The Seven-Hour Curfew was issued in response to events occurring ***contemporaneously***, within the context of the pandemic[1] and regional outbreaks of disorder.[2]  As described in the cited declarations, the City Manager and Chief of Police made that decision based upon specific, reliable accounts of continuing violence or disruption, as those incidents were occurring. Skinner Decl. ¶¶ 4-5 [Doc. 150]; Nelson Decl. Ex. 2 at pgs. 6-7 [Doc. 153]; Zeedyk Decl. Ex. 1 at pgs. 2-8 [Doc. 157]; Medary Interrogatory Response at pgs. 6-7 [Doc. 148-5]. That included an ongoing

---

[1] The events of this case happened mere months into the COVID-19 pandemic. The capacity of local hospitals and the county jail were exceptionally limited by state orders. *E.g.* Miller Decl. Exs. 3 and 4 [Doc. 148]. This meant that mass arrests were unrealistic because the jail could not accept many custodies. Moreover, if more violence became widespread, local hospitals would have a limited capacity to treat injured protestors, bystanders, or officers. In addition, retail establishments of all kinds were closed, suffering and particularly vulnerable to property destruction and vandalism.

[2] *Index Newspapers v. United States Marshals Service*, 977 F.3d 817, 821 (9th Cir. 2020); *McRae v. City of Salem*, 2023 WL 2447438, *5-6 (D. Or. Mar. 10, 2023); *Don't Shoot Portland v. City of Portland*, 465 F. Supp. 3d 1150, 1153 (D. Or. 2020).

PAGE 3 – DEFENDANTS CITY OF EUGENE, SARAH MEDARY, AND CHIEF CHRIS SKINNER'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION

attempt to shut down the Ferry Street Bridge, the most direct route to University District Hospital from north of the Willamette River. Nelson Decl. Ex. 2 at pgs. 6-7 [Doc. 153], Stotts Decl. ¶ 7 [Doc. 116]. It also included officers responding to multiple groups of individuals, several armed, who were blocking roadways, violating the Downtown Curfew, or simply moved just outside its boundary to continue their activities. Zeedyk Decl. Ex. 1 at pgs. 2-5 [Doc. 157]. The spontaneous, anonymous, unpredictable, and dispersed nature of the threats to public safety were compounded by the difficulty in distinguishing peaceful protestors from those with unlawful intentions.



Plaintiff Tyler Hendry at the riot on May 29, 2020. Third Hendry Depo. at 29-30, Depo. Ex. 10 [Doc. 148-1].

Second, the Magistrate Judge erred by finding that *Collins v. Jordan* was enough to clearly establish that the City Manager's and Chief of Police's actions were unconstitutional. *Collins* involved a county-wide dispersal order based solely on the events that transpired on

PAGE 4 – DEFENDANTS CITY OF EUGENE, SARAH MEDARY, AND CHIEF CHRIS SKINNER'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION

previous days. 110 F.3d at 1371. It did not involve a curfew at all. *Collins* even said that, "[p]roclaiming a curfew that requires people to remain at home during certain hours is obviously an entirely different matter from prohibiting only specific First Amendment activities during those or other hours." 110 F.3d at 1374. Moreover, *Menotti v. City of Seattle*, 409 F.3d 1113 (9th Cir. 2005), which was decided after *Collins*, upheld a curfew that was in place day and night for several days. 409 F.3d at 1130-1143. That curfew was far more restrictive than the Seven-Hour one at issue here. But "once multiple instances of violence erupt, with a breakdown in social order, a city must act vigorously, and more extensively, to restore order for all of its residents and visitors." 409 F.3d at 1137. In this case the Magistrate Judge did not even consider *Menotti*.

In light of the Ninth Circuit's guidance from *Menotti* in 2005, a reasonable official could have concluded that the Seven-Hour Curfew was lawful. The City Manager and Chief of Police are, therefore, entitled to qualified immunity.

    **C.**    **Third Claim for Relief Against the City, City Manager, and Chief of Police**

Plaintiffs' third claim for relief under 42 U.S.C. § 1983 is for violation of their rights under the First Amendment against the City of Eugene, City Manager Medary, and Chief Skinner. Second Amended Complaint, ¶¶ 140-143 [Doc. 78]. The Magistrate Judge found because the protests generally involved viewpoints related to police misconduct, a jury should get to evaluate whether those viewpoints were motivating reasons for defendants' actions. F&Rs at 18-21 [Doc. 192]. The Magistrate Judge erred in denying summary judgment.

First, the Magistrate Judge erred by relying upon *Johnson v. City of San Jose*, 2022 WL 17583638 (N.D. Cal. Dec. 12, 2022), which concerned a motion to dismiss where the allegation was the protestors' viewpoint was a substantial or motivating cause behind the officer's decision to use force. The court had to accept that allegation as true for purposes of the motion.

But here, at summary judgment, it is not the allegations of plaintiffs' Complaint that are at issue but whether they developed any evidence to support them. The only evidence in the record is that Chief Skinner and City Manager Medary did not know any of the plaintiffs and were not motivated to suppress anyone's speech. Medary Decl. ¶¶ 2, 7 [Doc. 149]; Skinner Decl. ¶¶ 3, 6 [Doc. 150]. Plaintiffs deposed the City Manager and Chief of Police but cited to no

PAGE 5 – DEFENDANTS CITY OF EUGENE, SARAH MEDARY, AND CHIEF CHRIS SKINNER'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION

statements showing they held views or made comments against the protests or against plaintiffs. In their own discovery responses, plaintiffs offered no evidence of retaliation. MSJ at Page 25 [Doc. 147]. Just as in *Nieves v. Bartlett*, where there is no evidence supporting retaliation, the claim cannot go forward. 139 S. Ct. 1715, 1728 (2019).

In addition, the Magistrate Judge erred in not addressing the application of qualified immunity. Defendants raised this issue in their motion and at oral argument. MSJ, Page 1 [Doc. 147], MSJ Reply, Page 2 [Doc. 184], Declaration of Ben Miller in Support of Defendants City of Eugene, Sarah Medary, and Chief Chris Skinner's Objections to Magistrate's Findings and Recommendation Ex. 1 ("Transcript") at 22:10-25 and 41:14-42:23. The Magistrate Judge did not address it at all. Here, the City Manager and Chief of Police are entitled to qualified immunity because it would not have been clear to a reasonable official that their decision to expand a temporary curfew in response to public safety concerns would give rise to a claim for retaliation from individuals they have never met. *Johnson v. City of San Jose*, which was decided after the events of this case, could not have clearly established anything. *Moore v. Garnand*, __ F.4th __, 2023 WL 6331061, *5-8 (9th Cir. Sept. 29, 2023) (reversing denial of qualified immunity on First Amendment retaliation claims because law was not clearly established).

## IV.   CONCLUSION

"[T]he wholesale commission of common state-law crimes creates dangers that are far from ordinary. Even in the context of political protest, persistent, organized, premeditated lawlessness menaces in a unique way the capacity of a State to maintain order and preserve the rights of its citizens." *Forrester v. City of San Diego,* 25 F. 3d 804, 807 (9th Cir. 1994) *quoting Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 287, 113 S. Ct. 753, 122 L. Ed. 2d 34 (1993) (Kennedy, J., concurring). In this case, these defendants acted consistent with past precedence to facilitate speech throughout the day and avert massive disruption to the City's infrastructure and resources when it appeared imminent.

For the foregoing reasons, the Court should not adopt Magistrate Judge Kasubhai's Findings and Recommendation in part. The Court should reject that portion of the Magistrate's recommendation denying summary judgment to the City, City Manager Medary, and Chief

Skinner and grant summary judgment to them instead. The Court should adopt the Magistrate's other recommendations, grant summary judgment for all defendants on all claims in this case, and enter judgment accordingly.

DATED this 13th day of October, 2023.

                              **CITY OF EUGENE**

                              By:   s/ Ben Miller
                                  Ben Miller, OSB #074690
                                  BMiller@eugene-or.gov
                                  Telephone:(541) 682-8447
                                  Facsimile: (541) 682-5414

                                  Of Attorneys for Defendants City of Eugene,
                                  Sarah Medary, Samuel Stotts, Bo Rankin,
                                  William Solesbee, Travis Palki, Michael Casey,
                                  Craig Wright, Charles Salsbury,
                                  Chief Chris Skinner, and Ryan Underwood

## CERTIFICATE OF SERVICE

I certify that on this 13th day of October, 2023, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS CITY OF EUGENE, SARAH MEDARY, AND CHIEF CHRIS SKINNER'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION** on the party or parties listed below as follows:

| | |
|---|---|
| __X__ | Via CM / ECF Filing |
| _____ | Via First Class Mail, Postage Prepaid |
| _____ | Via Email |
| _____ | Via Personal Delivery |

Marianne Dugan
Lauren Regan
1711 Willamette Street, Ste. 301 #359
Eugene, OR 97401

Attorneys for Plaintiffs

**CITY OF EUGENE**

By: __s/ Ben Miller__
    Ben Miller, OSB #074690
    BMiller@eugene-or.gov
    Telephone: (541) 682-8447
    Facsimile:  (541) 682-5414

    Of Attorneys for Defendants City of Eugene,
    Sarah Medary, Samuel Stotts, Bo Rankin,
    William Solesbee, Travis Palki, Michael Casey,
    Craig Wright, Charles Salsbury,
    Chief Chris Skinner, and Ryan Underwood