IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

HASHEEM BOUDJERADA;
DAMON COCHRAN-SALINAS;
ERIN GRADY; TYLER HENDRY;
KIRTIS RANESBOTTOM,

    Plaintiffs,

v.

CITY OF EUGENE; SARAH
MEDARY; WILLIAM SOLESBEE;
SAMUEL STOTTS; BO RANKIN;
TRAVIS PALKI; MICHAEL CASEY;
RYAN UNDERWOOD; CRAIG
WRIGHT; CHARLES SALSBURY;
CHIEF CHRIS SKINNER,

    Defendants.

No. 6:20-cv-01265-MK

ORDER

AIKEN, District Judge.

    This case comes before the Court on a Findings and Recommendation filed by Magistrate Judge Mustafa Kasubhai on September 8, 2023. ECF No. 192. Judge Kasubhai recommends that the Motion for Summary Judgment filed by Defendants

City of Eugene, Medary, and Skinner, ECF No. 147, be GRANTED in part and DENIED in part; that the Motion for Summary Judgment filed by Defendants Underwood, Casey, Palki, Stotts and Rankin, ECF No. 137, be GRANTED; and that the Motion for Summary Judgment filed by Defendant Solesbee, Wright, and Salsbury, ECF No. 132, be GRANTED.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Defendants City of Eugene, Medary,` and Skinner have filed Objections, ECF No. 198, to which Plaintiffs have filed a Response, ECF No. 202, and Plaintiffs have filed Objections, ECF No. 200, to which the Defendants Casey, Palki, Ranki, Solesbee, Stotts, Underwood, and Wright have filed a Response, ECF No. 201.

### I.  Defendants' Objections

First, Defendants asserts that Judge Kasubhai erred by failing to discuss the information the City officials considered in issuing the City-Wide Curfew.  Def. Objs. 2-3.  This information was, however, discussed at length in Judge Kasubhai's previous F&R (the "May F&R"), ECF No. 187, which was incorporated by reference into the present F&R.  Of note, Defendants did not object to the May F&R and this Court adopted the F&R as its own decision on June 8, 2023.  ECF No. 189.  There was no need for Judge Kasubhai to restate the detailed discussion and analysis from the May F&R in the present F&R.

Defendants also object that Judge Kasubhai failed to consider or discuss *Menotti v. City of Seattle*, 409 F.3d 1113 (9th Cir. 2005), and instead relied on the precedent set by *Collins v. Jordan*, 110 F.3d 1363 (9th Cir. 1996).  However, Judge Kasubhai discussed *Menotti* extensively in the May F&R and concluded that *Menotti* was not factually analogous to the present case.  May F&R, at 16-19.  Judge Kasubhai concluded that *Collins* was much more factually analogous.  May F&R, at 15.  In light of that prior ruling there was no need for Judge Kasubhai to revisit the question of whether *Menotti* was a more analogous case than *Collins*.

Finally, Defendants object to Judge Kasubhai's denial of summary judgment on Plaintiff's third claim for relief, which alleges violation of Plaintiffs' First Amendment rights pursuant to 42 U.S.C. § 1983.  The crux of this issue, as framed by Judge Kasubhai, is as follows: "[I]n the context of an allegedly retaliatory decision to restrict speech, must the official imposing the restriction be aware of the individual plaintiff's ultimately injured by the restriction, or is evidence supporting a general animus towards individuals engaged in the same type of speech sufficient." F&R, at 19.  Here, Judge Kasubhai found the inquiry into retaliatory intent was not tied to the individual protestors, but to the animus of the officials against the protestors as a group, citing *Johnson v. City of San Jose*, Case No. 21-cv-01849-BLF, 2022 WL 17583638, at *5-6 (N.D. Cal. Dec. 12, 2022).  The Court notes that the retaliatory animus must often be found from circumstantial evidence and involves questions of fact that normally should be left for trial.  *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 979 (9th Cir. 2002).  The Court finds no error in Judge Kasubhai's conclusion on this issue.

Relatedly, Defendants point out that the F&R does not include a discussion of qualified immunity as to Medary and Skinner for Plaintiffs' Third Claim, despite qualified immunity having been raised in Defendants' Motion for Summary Judgment.  The Court has reviewed the briefing on Defendant's Motion for Summary Judgment and notes that, while the motion mentions qualified immunity in passing, Defendants presented no specific arguments concerning qualified immunity as to Plaintiffs' Third Claim and focus almost entirely on the merits of the claim.  Def. Mot.,

at 1. ECF No. 147; Def. Reply Br., at 2. ECF No. 184. The Court finds that Defendants did not present any argument on the application of qualified immunity to Plaintiff's Third Claim in their motion when it was before Judge Kasubhai and they present only a superficial mention of the subject in their objections, essentially leaving it to the Court to invent a qualified immunity argument on Defendants' behalf. The Court has discretion not to consider arguments raised for the first time in objections. *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012); *Farquhar v. Jones*, 141 F. App'x 539, 540 (9th Cir. 2005) (affirming a district court which declined to consider qualified immunity when raised for the first time in objections).

Nevertheless, the Court concludes that Judge Kasubhai appropriately distinguished the facts of this case from *Nieves v. Bartlett*, 587 U.S. ___, 139 S. Ct. 1715 (2019) and that Plaintiffs right to be free of retaliation for the exercise of their right to protest was clearly established at the time of the challenged conduct. *See Mendocino Envir. Center v. Mendocino Cnty.*, 192 F.3d 1283, 1300-01 (9th Cir. 1999) (describing test for retaliation for the exercise of constitutionally protected conduct); *Collins*, 110 F.3d at 1371 ("Activities such as demonstrations, protest marches, and picketing are clearly protected by the First Amendment."). As Judge Kasubhai found, there is a question of fact as to whether the circumstantial evidence in this case will support a finding of retaliatory animus, but that does not alter the fact that the right in question was clearly established. The Court declines to grant the motion for summary judgment on grounds of qualified immunity.

The Court adopts the F&R as to those portions to which Defendants offer objections.

## II.     Plaintiffs' Objections

Plaintiffs' objections cover three general areas.  First, they object that Judge Kasubhai erred by finding that the individual officers were entitled to qualified immunity for enforcing the City-Wide Curfew.  Next, they object to the grant of summary judgment in favor of the Campbell Club Defendants, arguing that (1) the Fourteenth Amendment permits claims for deliberate indifference for injuries sustained bystanders; and (2) that there are questions of fact as to whether Defendants were targeting one of the Plaintiffs or the Campbell Club house specifically.  Finally, Plaintiffs assert that Judge Kasubhai erred in granting summary judgment on the claim for supervisory liability as to Defendant Salsbury.

Judge Kasubhai recommended that summary judgment be granted in favor of Defendants Underwood, Casey, Palki, Stotts, and Rankin on Plaintiffs' Fifth Claim, for unlawful arrest in violation of the Fourth Amendment.  This concerns arrests carried out by individual officer Defendants to enforce the city-wide curfew.  Judge Kasubhai distinguished between the claims brought against the Defendants who formulated the City-Wide Curfew and the individual officer Defendants tasked with enforcing it.  Judge Kasubhai found that individual officer Defendants were entitled to qualified immunity under *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994).  The Court finds no error in Judge Kasubhai's determination on that point.

As an additional clarification to the F&R at 22 n.4, the parties agree that Plaintiff Hendry was *not* arrested for disorderly conduct.

The Court has reviewed the remaining objections concerning the Campbell Club Defendants and Defendant Salsbury and finds no error.

## CONCLUSION

The Court ADOPTS the F&R as modified. The Court GRANTS in part and DENIES in part the Motion for Summary Judgment filed by Defendants City of Eugene, Medary, and Skinner as set forth in the F&R. ECF No. 147. The Court GRANTS the Motion for Summary Judgment filed by Defendants Underwood, Casey, Palki, Stotts, and Rankin. ECF No. 137. The Court GRANTS the Motion for Summary Judgment filed by Defendants Solesbee, Wright, and Salsbury. ECF No. 132.

It is so ORDERED and DATED this  26th  day of March 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge